UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| WILLIAM M. POREMBA,<br><br>                         Plaintiff(s),<br><br>      v.<br><br>CAROLYN W. COLVIN,<br><br>                         Defendant(s). | Case No. 2:13-CV-81 JCM (NJK)<br><br>ORDER |

Presently before the court is attorney Marc V. Kalagian and the Law Offices of Rohlfing & Kalagian, LLP's (collectively, "counsel") motion for attorney's fees. (ECF No. 37). Defendant Carolyn Colvin, as acting commissioner of the Social Security Administration, filed a non-opposition response. (ECF No. 38). Plaintiff William Poremba has not filed a response, and the time to do so has passed.

**I.    Facts**

On June 23, 2011, plaintiff signed a social security representation agreement with counsel. (ECF No. 37-1). The agreement created a payment structure whereby plaintiff would pay counsel 25% of plaintiff's backpay award, up to a capped $6,000 limit, if plaintiff received the award at or before a first hearing decision from an administrative law judge ("ALJ"). *Id.* Plaintiff further agreed to pay counsel 25% of the past-due benefits, without limitation, resulting from any reversal of an unfavorable ALJ decision. *Id.*

Plaintiff applied for and was denied social security disability insurance benefits. (ECF No. 1). On October 18, 2013, plaintiff filed a complaint against Michael Astrue, the former commissioner of the Social Security Administration.

**James C. Mahan**
**U.S. District Judge**

On May 13, 2014, Magistrate Judge Koppe ordered the case be remanded to the Social Security Administration. (ECF No. 32). On remand, the administrative law judge found plaintiff disabled since April 14, 2009. (ECF No. 37-2 at 10). On March 7, 2016, the commissioner sent plaintiff a letter, stating that the agency withheld twenty-five percent of plaintiff's past-due benefits to pay attorney's fees, which was $22,622.25 in this case. (ECF No. 37-3 at 2–3).

On December 15, 2016, counsel filed the instant motion, seeking $22,622.25 of plaintiff's past-due benefits. (ECF No. 37). Included in counsel's motion is proof of service as to plaintiff and defendant. (ECF No. 37 at 11).

**II. Legal Standard**

Courts have jurisdiction to determine the reasonableness of an attorney's requested fees. 42 U.S.C. § 406(b)(1)(A) ("Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment."). "§ 406(b) calls for court review of [contingent-fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

In reviewing fee requests under § 406(b), a district court must first look to the agreement and determine reasonableness. *Id.* at 807. Courts consider "the character of the representation and the results the representative achieved." *Id.* at 808. A district court should not merely make a lodestar calculation, but rather should consider the reasonableness of the attorney's request, "if not 'in excess of 25 percent.'" *Id.* at 799. Additionally, a court may properly reduce the fee for benefits that are not in proportion to the time spent on the case. *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2013). The moving attorney bears the burden of proving that the fees sought are reasonable. *Gisbrecht*, 535 U.S. at 807.

"Congress harmonized fees payable by the Government under [Equal Access to Justice Act] with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must

1 'refun[d] to the claimant the amount of the smaller fee.'" *Id.* (citing Act of Aug. 5, 1985, Pub.L. 99–80, § 3, 99 Stat. 186).

**III.    Discussion**

The court will approve counsel's requested attorney's fees, as the agreement and fees sought pursuant to the agreement are reasonable. The agreement provided a tiered system whereby counsel would receive a smaller, capped award if plaintiff obtained a favorable ruling at or before an initial appearance in front of an ALJ. (ECF No. 37-1). Here, the fee structure whereby counsel would receive 25% of plaintiff's backpay award if counsel obtained a reversal of an unfavorable ALJ ruling was a reasonable agreement entered into by the parties.

A contingency award of 25% is reasonable in this case. In this case, 25% of plaintiff's backpay award comes to $22,622.25. (ECF No. 37-3 at 2–3). Counsel's statement of work lists that it expended 22.1 hours preparing and litigating the case, with 2.3 of these hours marked as paralegal work. Counsel thus requests $1,023.62 per hour (rounded) for time spent on the case.

Counsel's representation of plaintiff in this case merits the requested award. Importantly, defendant Colvin, on behalf of the Social Security Administration, filed a non-opposition response to counsel's motion, and plaintiff has not filed a response. And the attorneys in this case assumed a financial risk in continuing to litigate plaintiff's case after an initially unfavorable ruling. If counsel were unsuccessful in obtaining a reversal of the prior ALJ decision, counsel would not have received payment at all for its time spent on the case. *Cf. Jameison v. Astrue*, No. 1:09-cv-00490-LJO-DLB, 2011 WL 587096, at *2 (E.D. Cal. Feb. 9, 2011) (recommending an award of attorney's fees of $1,169.49 per hour due to effective representation and the financial risk associated with the contingent-fee arrangement).

Further, the hours listed in the statement of work appear to be an incomplete reflection of counsel's efforts in the case. While the hourly rate based on the statement of work appears high, counsel asserts that "[t]he manner and approach to the case saved time and reduced the accumulation of past due benefits." (ECF No. 37 at 4). Other courts have recommended similar or greater awards of attorney's fees for similar reasons. *See Kazanjian v. Astrue*, No. 09 civ. 3678 (BMC), 2011 WL 2847439, at *2 (E.D.N.Y. July 15, 2011) (upholding an hourly rate of $2,100

**James C. Mahan**
**U.S. District Judge**

- 3 -

and suggesting that the case "constitutes an effective case in point of why imputed hourly rates are frequently misleading in these cases."); *Jameison*, 2011 WL 587096, at *2.

In light of counsel's efficient representation of plaintiff, and the backpay award obtained on remand, the fees sought are reasonable. The court will therefore approve counsel's request.

The commissioner paid counsel $4,000 pursuant to the Equal Access to Justice Act (EAJA). (ECF No. 37). Counsel must refund this amount to the claimant. *See* Act of Aug. 5, 1985, Pub.L. 99–80, § 3, 99 Stat. 186.

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that counsel's motion for attorney's fees (ECF No. 37) be, and the same hereby is, GRANTED, consistent with the foregoing.

DATED October 4, 2017.

_____
UNITED STATES DISTRICT JUDGE